Dear Mr. Bernard:
On behalf of the Louisiana Rice Research Board ("Board"), you requested an Attorney General's opinion regarding issues related to the implementation of a memorandum of understanding that would facilitate the United States Department of Agriculture (USDA), acting on behalf of the Commodity Credit Corporation (CCC), to begin collection of the commodity assessments for 2007 and future crop years for all rice placed into the CCC loan program. The Board was created under state law at the same time that the Louisiana Rice Promotion Board was created. The two boards work in very similar fashion except for the fact that there are different boards of directors and that funds are used for research or promotion, depending upon which entity you are referring to. You advise that a request for the identical opinion that you are asking for was made by the Louisiana Rice Promotion Board. Our office issued Opinion Nos. 06-0198 and 06-0198A in response to that request, and you indicate that the USDA accepted those opinions. You have requested that we issue an opinion on behalf of the Board that tracks the language of our opinions previously issued to the Louisiana Rice Promotion Board.
You indicate that the rules and regulations established by FederalRegister, Vo. 70, No. 170 with respect to the collection of state assessments provide as follows:
 1. A request for CCC to engage in the collection activity must initially be submitted by the Governor of the State;
 2. Such request must identify the entity that the Governor has designated to enter into the collection agreement with CCC;
 3. A statement from the Attorney General, at any time prior to final execution of the agreement, that the agreement is in compliance with applicable state laws and the provisions of Section 1(a) of Public Law 108-470; *Page 2 
 4. Collection of the assessment as requested by the Governor, may be at either the time the marketing assistance loan is disbursed to the producer or at the time of the forfeiture of the commodity to CCC, but not both; and
 5. The state agrees to indemnify CCC for any costs incurred in collecting the assessment, including costs relating to resolution to disputes arising from the requested collection of the assessment.
The opinion you are requesting is to comply with paragraph numbered "3" above. You also note that with respect to paragraph numbered "4" above, you would like the assessments to be collected at the time of loan disbursement.
With respect to paragraph "4", we note that La.R.S. 3:551.74A(6) provides:
 (6) Assessments on rice put under loan to the Commodity Credit Corporation or purchased by the Commodity Credit Corporation and delivered to it shall be payable when such rice is placed under loan or is purchased. (Emphasis added).
Thus, it appears that assessments may be collected at the time of loan disbursement. With respect to paragraph "3", as we indicated in Attorney General Opinion No. 06-0198A, we cannot answer this question, as we do not give opinions on federal law. However, Public Law 108-470 Sec. 1 provides:
 (a) COLLECTION FROM MARKETING ASSISTANCE LOANS. — The Secretary of Agriculture may collect commodity assessments from the proceeds of a marketing assistance loan for a producer if the assessment is required to be paid by the producer or the first purchaser of a commodity pursuant to a State law or pursuant to an authority administered by the Secretary. This collection authority does not extend to a State tax or other revenue collection activity by a State.
 (b) COLLECTION PURSUANT TO AGREEMENT.-The collection of an assessment under subsection (a) shall be made as specified in an agreement between the Secretary of Agriculture and the State requesting the collection.
La.R.S. 3:551.74C provides:
 C. Collection and Enforcement. The assessment imposed and levied by this part shall be collected by the commissioner. On rice sold by the producer, collection shall be from the buyer of the rice at the first point of sale only. On rice put under loan and delivered to the CCC, collection shall be from the producer, or from the CCC on the producer's *Page 3 
 behalf. On seed rice, collection shall be from the handler performing the cleaning. (Emphasis added)
We note that the language of R.S. 3:551.74C appears to be similar to the language contained in Public Law 108-470 Sec. 1 as it relates to payment by the producer.
It is our understanding that in order for the USDA to collect the commodity assessment, there must be an agreement with the state. The assessment was levied by La.R.S. 3:551.74, which provides in pertinent part:
 A. Levy of assessment.
 (1) There is imposed and levied an assessment at the rate not to exceed three cents per hundredweight, or the equivalent thereof, of dry rough "paddy" rice produced in this state.
 (2) For rice sold on a "green weight" basis, a reduction of ten percent will be allowed for weight loss in computing the assessment.
 ***** C. Collection and Enforcement. The assessment imposed and levied by this part shall be collected by the commissioner. On rice sold by the producer, collection shall be from the buyer of the rice at the first point of sale only. On rice put under loan and delivered to the CCC, collection shall be from the producer, or from the CCC on the producer's behalf. On seed rice, collection shall be from the handler performing the cleaning.
 ***** F. Transfer of funds.
 (1) The proceeds of the assessment collected by the commissioner shall be deposited with the state treasurer in a special fund to be established by the state treasurer for the Louisiana Rice Research Board, to the credit of the Louisiana Rice Research Board.
 (2) The commissioner shall join with the secretary-treasurer of the board in signing a warrant to have the net proceeds from the assessment paid to the board.
 (3) The commissioner of agriculture shall annually pay over to the Louisiana Rice Research Board the funds collected less the actual cost of administering and collecting the assessment levied herein up to but not to exceed two percent of the gross amount collected. *Page 4 
 (4) The annual settlement to the Louisiana Rice Research Board shall be made as of the first day of July of each year and shall be accompanied by a complete audit of all funds collected and disbursed, and costs actually incurred in the collection and administration of the assessment.
R.S. 3:551.74C specifically provides that the assessment shall be collected by the commissioner. The commissioner is defined by R.S. 3:551.71
as "the Commissioner of Agriculture for the state of Louisiana". While the assessment must be collected by the commissioner, he is required to pay over the funds collected to the Board on an annual basis. As we indicated in Attorney General Opinion No. 06-0198A, the Commissioner of Agriculture, as the collector of the assessment, can use the services of the CCC to collect the assessment, and would be the proper person to sign required agreements related to such collection by the CCC. Because the assessments are collected on behalf of the Board, we suggest that the Board approve any contract involving the assessments.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General
 CCF, JR.:CAL